IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Morgan Stanley Home Equity Loan Trust 2005-1 Mortgage Pass-Through Certificates, Series 2005-1, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-582 |
| WILLIAM R. MANUELL, KAREN MANUELL, and OAK CLIFF PLACE HOMEOWNERS ASSOCIATION | § § § § | |
| Defendants. | § § § | |

**ORDER AWARDING FEES**

Deutsche Bank National Trust Company sued Karen Manuell, William R. Manuell, and the Oak Cliff Place Homeowners Association, to foreclose on a mortgage loan secured by real property and improvements at 13502 Pecan Oak Drive, Houston, Texas 77065. (Docket Entry No. 1). In May 2019, the court entered default and default judgment against the Manuells, allowing Deutsche Bank to foreclose on the property, because the Manuells did not appear, answer, assert a defense, or give any indication that they intended to do so. (Docket Entry No. 13). Deutsche Bank has moved for attorney's fees in the amount of $4,919. (Docket Entry No. 14).

"[T]he award of attorney's fees is part of the substantive right of suit" depending on "the law of the state whose rules govern the substantive claims." *Mut. Concepts, Inc. v. First Nat'l Bank of Omaha*, 495 F. App'x 514, 517 (5th Cir. 2012) (quoting *Kucel v. Heller*, 813 F.2d 67, 73 (5th Cir. 1987)). "Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 741

(S.D. Tex. 2013) (citing *In re Velazquez*, 660 F. 3d 893, 895–96 (5th Cir. 2011)); *Rodriguez v. Quicken Loans, Inc.*, 247 F. Supp. 3d 840, 845 (S.D. Tex. 2017). "[H]ome equity notes are non-recourse as a matter of Texas law, but that rule does not bar recovery of attorneys' fees and other expenses." *Huston*, 988 F. Supp. 2d at 742; *see Johnson v. HomeBridge Fin. Servs., Inc.*, No. H-16-748, 2017 WL 1403300, at *5 (S.D. Tex. Apr. 18, 2017) ("Home equity loans are generally non-recourse and preclude contractual mortgagor liability."). Deutsche Bank may "recover its attorneys fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale." *Huston*, 988 F. Supp. 2d at 741; *Johnson*, 2017 WL 1403300, at *5 ("[A] mortgagee may recover its attorneys' fees, if the contract permits, against the mortgaged property from any surplus.").

The Deed of Trust gives Deutsche Bank a right to recover reasonable attorney's fees. The relevant provision states:

> **9. Protection of Lender's Interest in the Property and Rights Under [T]his Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Agreement, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . , or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect the value of the Property. . . . Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which as priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property . . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

(Docket Entry No. 1-1 at 15). Deutsche Bank has submitted invoices and the attorney's affidavit testifying that the "reasonable incurred attorneys' fees are $4919.00 in filing and prosecuting [Deutsche Bank's] interest . . . as a result of the default under the loan." (Docket Entry No. 14-2 at

3, 10, 11). "The hourly rate charged is $215.00 per hour for attorneys and $95.00 per hour for paralegals and legal assistants." (*Id.* at 3).

After a careful review of Deutsche Bank's invoices and affidavit, the court agrees that the rates charged are reasonable compared to attorneys with similar experience in a similar market, and that the number of hours expended are reasonable compared with the time and labor required for similar legal services. *See Wells Fargo Bank, N.A. v. Pantalion*, No. H-18-4215, 2019 WL 2544077, at *4 (S.D. Tex. June 20, 2019); *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (listing factors relevant to reasonableness, including "the time and labor required," the "ability of the lawyer or lawyers," and "the fee customarily charged in the locality of similar legal services"); *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) ("A reasonable attorney's fee is one that is not excessive or extreme, but rather moderate or fair." (quotation omitted)).

Deutsche Bank may recover $4,919 in reasonable attorney's fees "as part of the note balance that may be satisfied through a foreclosure sale of the property." *Huston*, 988 F. Supp. 2d at 742; *Billiter v. Cent. Mortg. Co.*, No. H-14-663, 2015 WL 867443, at *9 (S.D. Tex. Feb. 17, 2015).

SIGNED on July 1, 2019, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　Chief United States District Judge